# Exhibit A

Prothonotary  >  Case #2021-04275-MJ  >  BROOKS, OMARI VS. LOGICOLL

Search Again        Case Details         Print

7/8/2021 9:31 AM

**Case Details**

Case#: **2021-04275-MJ**                                Initial Date:  **6/14/2021**
Case Type: **OTHER MISCELLANOUS**            Status:  **NO ACT PEND-456**

Status Date:  **6/14/2021**

Judge: **TUNNELL, MARK L.**

| Date | Docket Notes |
|---|---|
| 6/14/2021 | **COMMENCEMENT OF ACTION FEE** |
| | :: :: On behalf of Plaintiff: OMARI BROOKS :: Filed By: FRED E DAVIS, IV  Receipt: 865901 Date: 06/15/2021 |
| 6/14/2021 | **COMPLAINT FILED** |
| | :: :: On behalf of Plaintiff: OMARI BROOKS :: Filed By: FRED E DAVIS, IV |
| 6/14/2021 | **COVER SHEET(S) FILED** |
| | :: :: On behalf of Plaintiff: OMARI BROOKS :: Filed By: FRED E DAVIS, IV |
| 6/14/2021 | **NOTICE** |
| | :: :: On behalf of Plaintiff: OMARI BROOKS :: Filed By: FRED E DAVIS, IV |
| 6/15/2021 | **EFILING FEE Receipt: 865901 Date: 06/15/2021** |
| 6/15/2021 | **0002 - ATTORNEY STATUS** |
| | **Attorney DAVIS, FRED E representing Plaintiff BROOKS, OMARI as of 06/14/2021** |
| 6/15/2021 | **EVENT SCHEDULED** |
| | **Event: ARBITRATION** |
| | **Date: 12/17/2021 Time: 9:00 am** |
| | **Judge: ZARB, 20211217 Location: ARBITRATION** |
| 7/3/2021 | **AFFIDAVIT - SERVICE (SEE FILING)** |
| | :: :: On behalf of Plaintiff: OMARI BROOKS :: Filed By: FRED E DAVIS, IV |
| 7/6/2021 | **NOTIFICATION OF ELECTRONIC FILING** |



# Davis
## CONSUMER LAW FIRM
*Working For The People*

Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products
WWW.USACREDITLAWYER.COM; TOLL-FREE:1-855-432-8475; EMAIL-fdavis@usacreditlawyer.com
CORPORATE HEADQUARTERS: 2300 Computer Rd.-Ste G39, Willow Grove, PA 19090
***Board Certified by the New Jersey Supreme Court as a Civil Trial attorney
**Awarded "Rising Star" by Pennsylvania Superlawyer Magazine

June 16, 2021

**_Sent via First Class and Certified Mail:_**
LOGICOLL
810 Springer Drive
LOMBARD, IL        60148

**RE: Omari Brooks v Logicoll**
**Chester County Court of Common Pleas Complaint enclosed**

Dear Sir/Madam:

Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of this complaint. Please contact me if you would like to discuss a resolution of this matter prior to filing your Answer. I can be reached by email or phone at the numbers listed above.

At the present time I have flexible settlement authority, but this will diminish once more work is required in this fee shifting case. *See* 15 U.S.C. § 1692k. Kindly respond at your convenience but prior to the default deadline listed above.

Please also refrain from any contact with Plaintiff or any third-parties regarding this or any other alleged debts and instead communicate exclusively through my office. Please also ensure that the Plaintiff's credit reports are updated to reflect the fact that no debt is owed and that any/all trade-lines associated with any such reporting are immediately deleted, in accordance with 15 U.S.C. § 1692e(8) and 15 U.S.C. § 1681I.

Very Truly Yours,
Fred Davis, Esq.

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER County**

For Prothonotary Use Only:
Docket No: **2021-04275-MJ**

Filed and Attested by PROTHONOTARY 14 Jun 2021 06:01 PM W. Giza-Sisson

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **OMARI BROOKS** | **LOGICOLL** |

Are money damages requested? [x] Yes [ ] No

Dollar Amount Requested: [x] Within arbitration limits  [ ] outside arbitration limits (check one)

Is this a Class Action Suit? [ ] Yes [x] No

Is this an MDJ Appeal? [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: fred e davis, iv

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- Intentional
- Malicious Prosecution
- Motor Vehicle
- Nuisance
- Premises Liability
- Product Liability *(does not include mass tort)*
- Slander/Libel/Defamation
- Other:

**MASS TORT**
- Asbestos
- Tobacco
- Toxic Tort - DES
- Toxic Tort - Implant
- Toxic Waste
- Other:

**PROFESSIONAL LIABILITY**
- Dental
- Legal
- Medical
- Other Professional

**CONTRACT** *(do not include Judgments)*
- Buyer Plaintiff
- Debt Collection: Credit Card
- Debt Collection: Other
- Employment Dispute: Discrimination
- Employment Dispute: Other
- Other

**REAL PROPERTY**
- Ejectment
- Eminent Domain/Condemnation
- Ground Rent
- Landlord/Tenant Dispute
- Mortgage Foreclosure: Residential
- Mortgage Foreclosure: Commercial
- Partition
- Quiet Title
- Other:

**CIVIL APPEALS**
Administrative Agencies
- Board of Assessment
- Board of Elections
- Dept. of Transportation
- Statutory Appeal: Other
- Zoning Board
- Other:

**MISCELLANEOUS**
- Common Law/Statutory Arbitration
- Declaratory Judgement
- Mandamus
- Non-Domestic Relations
- Restraining Order
- Quo Warranto
- Replevin
- [x] Other:

2021-04275-MJ

# Chester County
# Court of Common Pleas
# Cover Sheet

| | |
|---|---|
| Docket No: | **2021-04275-MJ** |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **OMARI BROOKS** <br> 3943 LANKENAU AVENIE APARTMENT 1  PHILADELPHIA, PA 19131 | (Name, firm, address, telephone and attorney ID#) <br> **fred e davis, iv** <br> (855) 432-8475 davis consumer law firm attorney ID#: 093907 <br> 2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| Defendant(s): (Name, Address) <br> **LOGICOLL** <br> 810 SPRINGER DRIVE   LOMBARD, IL  60148 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action  __ Motion to Confirm Arbitration Award  Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ✔ Yes  __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

- __ Annulment
- __ Custody - Conciliation Required
- __ Custody - Foreign Order
- __ Custody - No Conciliation Required
- __ Divorce - Ancillary Relief Request
- __ Divorce - No Ancillary Relief Requested
- __ Foreign Divorce
- __ Foreign Protection from Abuse
- __ Paternity
- __ Protection from Abuse
- __ Standby Guardianship

- __ Writ of Certiorari
- __ Injunctive Relief
- __ Mechanics Lien Claim
- __ Issuance of Foreign Subpoena
- __ Name Change
- __ Petition for Structured Settlement

**Arbitration Cases Only**

| | |
|---|---|
| Arbitration Date | 2021-12-17 |
| Arbitration Time | 09:00:00 |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2021-04275-MJ*

| These cover sheets must be served upon all other parties to the action immediately after filing. |
|---|
| Submit enough copies for service. |

Filed and Attested by
PROTHONOTARY
14 Jun 2021 06:01 PM
W. Giza-Sisson

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA   19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| OMARI BROOKS<br>3943 LANKENAU AVE-APT 1<br>PHILADELPHIA, PA<br>19131<br><br>*Plaintiff*<br><br>v.<br><br>LOGICOLL<br>810 Springer Drive<br>LOMBARD, IL<br>60148<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## NOTICE TO DEFEND
## CODE: 1900

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
**Phone:** (610) 692-1889

*2021-04275-MJ*

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

*2021-04275-MJ*

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA  19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

*Filed and Attested by
PROTHONOTARY
14 Jun 2021 06:01 PM
W. Giza-Sisson*

| | |
|---|---|
| OMARI BROOKS<br>3943 LANKENAU AVE-APT 1<br>PHILADELPHIA, PA<br>19131<br><br>*Plaintiff*<br><br>v.<br><br>LOGICOLL<br>810 Springer Drive<br>LOMBARD, IL<br>60148<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, OMARI BROOKS, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 3943 LANKENAU AVE-APT 1, Philadelphia, PA, 19131.

2. Defendant, LOGICOLL, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 810 Springer Drive, LOMBARD, IL 60148. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§ 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in Philadelphia, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, LOGICOLL, is a company handling debt collection matters with headquarters located at 810 Springer Drive, LOMBARD, IL 60148.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt that Defendant alleges originated with "CAPITAL ONE, N.A.", in the amount of $391.34.

14. Plaintiff alleges and avers that Defendant caused Plaintiff's phone to ring and contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d(5).

15. Plaintiff alleges and avers that there is no agreement between Plaintiff and CAPITAL ONE, N.A. allowing for the collection of any account by a third-party, and Defendant thereby violated 15 U.S.C. §§§§ e(2), (8), (10) and f(2) and (6).

16. Plaintiff alleges and avers that Defendant's reference to "calling for further information or making a payment is not a substitute for disputing the debt", is an attempt to confuse Plaintiff into contacting Defendant to restart the statute of limitations, in violation of §§§15 U.S.C. §1692e(2), (10) and f(1).

17. Plaintiff alleges and avers that Defendant's reference to "BUREAUS INVESTMENT GRROU PORTFOLIO MP 15 LLC" is misleading and false, as there is no proof of any assignment from Capital One, N.A. to any third-party entities, and this is in violation of 15 U.S.C. §§§§ 1692g, e(2), (5), and (10).

18. Plaintiff alleges and avers Defendant fails to inform Plaintiff of the credit reporting or tax assessment consequences of paying all or part of the alleged debt, and Defendant thereby violated of 15 U.S.C. §§§ 1692e(2), (5) and (10).

19. Plaintiff alleges and avers that despite Defendant has not timely updated Plaintiff's credit reports to reflect the fact of dispute, in violation of §§15 U.S.C. §1692e(8) and

f(1).

20. Plaintiff alleges and avers that Defendant neither viewed nor possessed any credible documentary evidence of a written agreement between Plaintiff and CAPITAL ONE, N.A. or any original account statements, showing accumulation of the alleged debt, yet sought to collect it anyway. Defendant thus violated of §§§15 U.S.C. §1692e(2), (5) and f(1).

21. Plaintiff alleges and avers that Defendant's use of corporate/mailing addresses in different states (California and Illinois) is misleading and is in violation 15 U.S.C. §§1692 e(2) and f(1).

22. Plaintiff alleges and avers that Defendant's claim that $391.34 is owed is bogus because this amount is largely comprised of illegal fees and interest (which Defendant has no right to collect) and Defendant thereby violated 15 U.S.C. §§§§1692 e(2), (5), (10) and f(1).

23. Plaintiff alleges and avers that Defendant's letter fails to inform Plaintiff that *any* verbal confirmation of the alleged debt could re-start the statute, and Defendant thereby violated 15 U.S.C. §1692e(10).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

24. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

  WHEREFORE, Plaintiff, OMARI BROOKS, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

  25. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

  26. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

  27. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

  28. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

  (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

29. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed and further attempting to lure Plaintiff into extending the statute of limitations, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

30. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that validity of the alleged debt, the identity of the actual creditors, if any, and the legitimacy of the alleged debt.

31. Plaintiff further alleges and avers that Defendant's misleading reference to account and reference numbers,, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

32. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff hereby incorporates the preceding paragraphs by reference as through fully set forth.

34. Plaintiff alleges and avers that Defendant's conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of misleading and abusive collection tactics aimed at perpetually and unfairly and depriving Plaintiff of money and his rights to be free from harassment.

35. Plaintiff alleges and avers that Defendant's conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

36. Plaintiff alleges and avers that as a direct an proximate result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendant's deliberate and vexatious collection efforts.

WHEREFORE, Plaintiff, OMARI BROOKS, respectfully prays for a judgment as follows:

   a. All actual, punitive and compensatory damages suffered

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")

37. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

38. Specifically, Defendant filed suit against Plaintiff attempting to collect a bogus debt, misreporting credit information and trying to collect money which Defendant had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

39. Defendant invaded Plaintiff's privacy, with the purpose of harassing Plaintiff into paying a bogus debt. As a result, Plaintiff suffered injury as a proximate cause of such the intrusion.

## COUNT V
## DAMAGES

40. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

    a. All statutory, compensatory and economic damages;

    b. Mental anguish suffered by Plaintiff, for the past and future;

    c. All reasonable expenses incurred by Plaintiff, including court costs and all reasonable and necessary attorney fees; and

    d. Pre-judgment and post-judgment interest.

41. Defendant's malicious conduct, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct was willful, intentional and malicious. Defendant's conduct illustrates not

only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

42. Nevertheless, Defendant proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary/punitive damages. As punishment for Defendant's actions and to deter such actions in the future, Plaintiff is requesting exemplary/punitive damages.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, OMARI BROOKS
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

# **V E R I F I C A T I O N**

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his

knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: <u>Fred Davis-PA ID# 93907</u>
Attorney for Plaintiff, OMARI BROOKS
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

**Davis Consumer Law Firm**
2300 Computer Road, Suite G-39
Willow Grove, PA 19090
P: (855) 432-8475
F: (855) 435-9294
E: fdavis@usacreditlawyer.com
www.usacreditlawyer.com | www.usalemonlawyer.com

Logical
810 Spruce Drive
Lombard, IL 60148


7020 1810 0000 5769 7160


U.S. POSTAGE
FCM LG ENV
HORSHAM, PA
19044
JUN 15 '21
AMOUNT
$8.0
R2304E107023